UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIFFANY L. ADLEY <br><br> Plaintiff, <br><br> v. <br><br> PAYDAY LOAN, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:22-cv-00103 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Tiffany L. Adley ("Plaintiff"), by and through her undersigned counsel, complaining of Defendant Payday Loan, LLC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct, as well as Invasion of Privacy ("IOP").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff is domiciled in Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a corporation with its principal place of business located at 18346 Beach Blvd. Huntington Beach, CA 92648. Defendant engages in collection activities in the state of Texas. Defendant provides financial services, including the issuance of high interest pay day loans and auto lending.

7. Defendant acted through its agents, employees, officers, members, director, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendor, representative and insurers at all-time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In or around December 2021, Plaintiff began receiving unknown collection calls from Defendant attempting to collect an allegedly past due payday loan ("alleged debt") by placing calls to her cellular phone number (214) XXX-2731.

9. Plaintiff was perplexed as to why Defendant was calling her because the alleged debt Defendant was attempting to collect did not belong to her.

10. At no point in time did Plaintiff open an account with Defendant.

11. Plaintiff answered a call from Defendant to inquire as to why Defendant was calling her.

12. Upon learning that Defendant was calling to collect on a loan in the amount of $616.00 that Plaintiff was unaware of.

13. Plaintiff then notified the Defendant that she did not take out a loan and she does not owe the alleged debt and kindly asked Defendant to cease all calls.

14. Despite knowing that Plaintiff does not owe the debt, Defendant continued to call Plaintiff at an unnecessary and harassing rate.

15. Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 2731.

16. Plaintiff *never* provided her telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

17. On multiple occasions, Plaintiff answered phone calls from Defendant in which she notified them that you got the wrong person and demanded they stop calling her cellular phone number.

18. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign, calling Plaintiff's cellular phone number.

19. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from December 2021 through the present day, with calls taking place on back-to-back days, multiple calls in one day, and on weekends.

20. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2731.

21. At all times relevant, Plaintiff's number ending in 2731 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

23. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

24. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

25. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

26. Defendant has used numerous phone numbers to place collection calls to Plaintiff's cellular phone number, including but not limited to (888) 269-2303.

27. Upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

28. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

30. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

31. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

34. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

35. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

36. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

37. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

38. Defendant violated the TCPA by placing numerous of phone calls to Plaintiff's cellular telephone from 2021 through the present day, using an ATDS without her prior consent.

39. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

40. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

41. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

42. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

43. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between December 2021 and the present day, using an ATDS without her prior consent.

44. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

46. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger that Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, Tiffany L. Adley, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
    b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
    c. Awarding Plaintiff costs and reasonable attorney fees;
    d. Enjoining Defendant from further contacting Plaintiff; and
    e. Awarding any other relief as that Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

49. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

50. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302-304

51. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

52. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

53. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the alleged debt.

54. Moreover, pursuant to Tex. Fin. Code Ann. § 392.304(8), states that, "…...a debt collector may not use fraudulent, deceptive, or misleading representation that employs…..misrepresenting the character, extent, or amount of the consumer debt…………"

55. Defendant violated § 392.304(8) when it continued to call Plaintiff's cellular phone after she notified them that she does not owe the debt and that she never took out a loan and to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately pay the subject debt. Defendant continued in its harassing campaign of phone calls in hopes of extracting payment from Plaintiff.

56. Upon being told to stop calling and that she does not owe the debt, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

57. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Tiffany L. Adley, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

## COUNT III – INVASION OF PRIVACY

58. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

59. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

60. Defendant's persistent and unwanted autodialed phone calls to her cellular phone eliminated Plaintiff's right to be left alone.

61. Moreover, Defendant's behavior in continuously contacting Plaintiff at different times through the day was highly intrusive and invasive.

62. All of the calls made to Plaintiff's cellular phone was made in violation of the TCPA, and were unreasonable and highly offensive invasions of the Plaintiff's right to privacy.

63. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

64. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

65. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with her cellular phone.

66. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the alleged debt, Plaintiff had no reasonable escape from these incessant calls.

67. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

68. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease on multiple occasions is highly offensive to a reasonable person.

69. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Tiffany L. Adley, respectfully requests that she Honorable Court:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.    Awarding Plaintiff actual damages;

    c.    Award Plaintiff punitive damages;

    d.    Award Plaintiff her reasonable attorney's fees & costs; and

    e.    Enjoining Defendants from further contacting Plaintiff.

**Plaintiff demands trial by jury.**

Dated: January 17, 2022	Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com